**Janet R. JOHNSON, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**No. 91–C–420–S.**

United States District Court, W.D. Wisconsin.

Oct. 24, 1991.

Janet R. Johnson, pro se.

Richard D. Humphrey, Asst. U.S. Atty., Madison, Wis., for Sullivan.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiff Janet R. Johnson brings this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the defendant Secretary of Health and Human Services. Specifically, the plaintiff appeals the determination by the Secretary that her Social Security Old Age benefits are subject to a reduction as a result of her entitlement to a pension from the State of Ohio. The issue is exclusively a question of law, there being no material facts in dispute.

## BACKGROUND

The plaintiff was born on December 7, 1925. Her employment was covered by the State Teachers Retirement System of Ohio from September 1974 to June 1980 and not by the Social Security Act.

The requirements for receipt of pension benefits under the Ohio State Teachers Retirement System are codified at § 3307.38, Ohio Rev.Code Ann., as follows:

Any member who has five years of service credit and has attained age 60 ... shall be granted service retirement after filing with the State Teachers Retirement Board a completed application on a form approved by the Board.

(A) Service retirement shall be effective on the first day of the month next following the later of:

(1) the last day for which compensation was paid; or

(2) the attainment of minimum age or service credit eligibility for benefits provided under this section.

Pursuant to this section the earliest plaintiff could have received a benefit under her Ohio State Pension was January 1986.

On September 21, 1987, plaintiff filed an application for Old Age Insurance benefits

and was awarded such benefits effective January 1988.

In computing the amount of benefits to which plaintiff was entitled, the Department applied 42 U.S.C. § 415(a)(7) to reduce the amount of the benefit. That section provides in applicable part:

(A) In the case of an individual whose primary insurance amount would be computed under paragraph (1) of this subsection, and

(ii) attains age 62 after 1985 ...

and who first becomes eligible after 1985 for a monthly periodic payment ... which is based in whole or in part upon his or her earnings for service which did not constitute "employment" as defined in § 410 of this Title for purposes of this subchapter....

The claimant challenged the determination that she "first became eligible after 1985 for a monthly periodic payment" under her Ohio pension. After a hearing on the matter an administrative law judge determined that plaintiff became eligible for her Ohio pension in 1985 and therefore the section did not apply to her.

On December 31, 1991, the Appeals Council for the Department rejected the ALJ's determination and concluded that plaintiff first became eligible for a periodic payment in 1986 and hence that the application of § 415(a)(7) to the computation of her benefit amount was appropriate. The decision of the Appeals Council is the decision of the Secretary.

## MEMORANDUM

■ The sole issue before the Court is whether § 415(a)(7) applies to the plaintiff to reduce the amount of benefits to which she is entitled. It is the task of the Secretary to interpret and apply the Social Security Act. *Schweiker v. Gray Panthers*, 453 U.S. 34, 43, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981). Accordingly, the Court is obligated to give considerable weight to the Secretary's construction of the statutory scheme it is entrusted to administer and may not substitute its own construction for that of the Secretary where the Secretary's construction is reasonable.

*Chevron U.S.A. Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

■ After reviewing the applicable statute and regulations, as well as other related statutes, regulations, and legislative history, the Court is convinced that the Secretary's interpretation is not only reasonable but is the most reasonable and consistent interpretation of the statute. Section 415(a)(7), known as the Windfall Elimination Provision, is intended to prevent applicants from receiving excess pension benefits because their careers were split between Social Security employment and government employment not covered by Social Security.

The language of the statute in question making the provision applicable to anyone "who first becomes eligible after 1985 for a monthly periodic payment" is on its fact ambiguous. It could mean, as plaintiff suggests, that the provision is inapplicable to those individuals who met the age, service and other requirements for their pension prior to 1986 regardless of when the first payment was received. It could also mean, as suggested by the Secretary, that eligibility exists only at the time the claimant could receive a payment.

The Secretary's definition of "eligible," found at 20 C.F.R. § 404.303, does little to resolve the ambiguity:

"Eligible" means that person would meet all the requirements for an entitlement to benefits for a period of time but has not yet applied.

"Entitled" means that a person has applied and has proven his or her right to benefits for a period of time.

Like the statute, these definitions are susceptible to the interpretation that eligibility occurs when requirements for entitlement are met, as well as the interpretation that eligibility occurs only for the "period of time" for which the claimant is entitled to payment. The Court finds that either interpretation of these provisions is reasonable. However, upon closer examination of the relevant law and legislative history in this area, it becomes apparent that the

Secretary's interpretation is the more reasonable and most consistent interpretation of the statute.

■ First, the Secretary's interpretation is consistent with entitlement to old age benefits under the Social Security Act itself. 42 U.S.C. § 402(a) provides:

> Every individual who
>
> (1) is a fully insured individual
>
> .   .   .   .   .
>
> (2) has attained age 62, and
>
> (3) has filed application for Old Age Insurance benefits ... shall be entitled to an Old Age Insurance benefit for each month, beginning with— ...
>
> (B) in the case of an individual who has attained age 62, but has not attained retirement age ..., the first month *throughout which* such individual meets the criteria specified in paragraphs 1 and 2 ...

(Emphasis added.) Accordingly, an individual who turns 62 in December is "entitled" to (or if he or she has not applied is "eligible" for) benefits in January.

Second, the Secretary's interpretation is consistent with Congress' understanding of the meaning of the term "eligible" as reflected in the legislative history of a different portion of the provision in question. Conference report number 100–1104, 100th Congress, 2d Sess. p. 262 discusses calculation of the benefit reduction under the Windfall Elimination Provision. The conference report contains the following language:

> The amount of the noncovered pension used in this calculation is the amount payable in the first month the individual is *eligible* for both the pension and Social Security (i.e., the first month he or she could receive both of these benefits if he or she applied for them—the month of "concurrent eligibility.") This amount is used regardless of whether the individual actually receives (i.e. is *entitled* to) the benefits at that time.

1988 U.S.Code Cong. & Admin.News, 4515, 5048, 5322 (emphasis in original). Although this conference report relates to a different provision, the Secretary's interpretation is clearly consistent with Congress' view of what "eligible" means in this context.

Finally, the Secretary's interpretation is also consistent with the pension offset provision adopted in 1977 to prevent a spouse from collecting Social Security benefits simultaneously with a federal or state government pension. 42 U.S.C. § 402(b)(4)(A) and (c)(2)(A). "Congress exempted from the pension offset requirement as ultimately enacted those spouses to receive pension benefits prior to December 1982." *Heckler v. Matthews,* 465 U.S. 728, 733, 104 S.Ct. 1387, 1392, 79 L.Ed.2d 646 (1984). In that case the legislation expressly defined the term "eligible" as follows: "An individual is eligible for monthly periodic benefit for any month if such benefit would be payable to such individual for that month ..." *Id.* at 733, note 3, 104 S.Ct. at 1392, note 3. Congress clearly intended in enacting the analogous 1977 offset provisions to tie eligibility to the right to receive a payment.

Under all the circumstances, the Secretary's interpretation of the 42 U.S.C. § 415(a)(7) is reasonable and must be affirmed.

### ORDER

IT IS ORDERED that the decision of the Secretary is AFFIRMED.